# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00042-MMD-PAL |
| Plaintiff, | **ORDER** |
| vs. | (Mtn for Production - Dkt. #27) |
| JOSEPH FELIX, | |
| Defendants. | |

This matter is before the court on Defendant Joseph Felix's Motion for Production of Grand Jury Transcript (Dkt. #27) filed on July 15, 2013. The court has considered the Motion.

On January 29, 2013, the grand jury returned an Indictment against Felix, charging him with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant made an initial appearance and pled not guilty to the charge in the Indictment on February 8, 2013. *See* Minutes of Proceedings (Dkt. #8).

Felix's Motion requests an order directing the government to produce the grand jury testimony in this case. As an initial matter, although Defendant Felix is represented by counsel, he filed this Motion pro se. Local Rule IA 10-6 provides that a party who has appeared through counsel may not appear or act in a case while so represented. LR IA 10-6(a). "An attorney who has appeared for a party shall be recognized by the Court and all the parties as having control of the client's case." *Id.* Second, Felix has not complied with Local Rule of Criminal Practice 16-1(c) which requires that before filing any motion for discovery, the moving party shall confer with opposing counsel in a good faith effort to resolve the discovery dispute. LCR 16-1(c). The Motion must contain a statement certifying that, after personal consultation, the parties have been unable to resolve the dispute without court intervention. *Id.* Felix's Motion contains no such certification. The Motion should be denied on these procedural bases alone.

However, on the merits, the Motion must be denied as well. It is well-settled that in federal court, the production of grand jury minutes or transcripts is proper only where the defense shows a "particularized need" for such testimonial records, and that need outweighs the policy of secrecy in grand jury proceedings. *See United States v. Hearst,* 412 F. Supp. 863, 869 (9th Cir. 1975) (citing *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400 (1959)). Here, the Motion's conclusory assertion that the transcripts are required to "avoid injustice by potential exculpatory evidence that may be contained in such proceedings" does not satisfy this standard. Even if Felix had set forth a particularized need for the transcripts, 18 U.S.C. § 3500(a)[1] only allows production of a government witness' statement *after* that witness has testified at trial. Thus, the defendant has no right to pretrial discovery of testimony before the grand jury. *See Hearst,* 412 F. Supp. at 869 (internal citations omitted).

For all of these reasons,

**IT IS ORDERED** that Defendant's Motion for Production of Grand Jury Transcript (Dkt. #27) is DENIED.

Dated this 19th day of July, 2013.

                                                             _____
                                                             PEGGY A. LEEN
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] 18 U.S.C. § 3500(e)(3) provides that transcripts of grand jury testimony are included in the definition of "statements" of government witnesses subject to the Jencks Act's production requirement.